UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In re:<br><br>KIMBALL HILL, INC., *et al.*,<br><br>　　　　Debtors.<br>_____<br><br>KHI LIQUIDATION TRUST,<br><br>　　　　Plaintiff,<br><br>v.<br><br>S & T PAINTING, INC.,<br><br>　　　　Defendant.<br>_____/ | Case No. 8:17-mc-00133-MSS-JSS |

**MOTION FOR PROCEEDING SUPPLEMENTARY
TO EXECUTION, TO IMPLEAD THIRD PARTY, AND FOR
ISSUANCE OF STATUTORY "NOTICE TO APPEAR"**

Judgment assignee, SMS Financial J, LLC ("SMS"), by and through its undersigned attorneys and pursuant to §56.29, Florida Statutes, made applicable by Federal Rule of Civil Procedure 69, hereby moves this Court for the entry of an order invoking supplementary proceedings in this cause and impleading third-party, S & T Painting Enterprise, Inc., and as grounds therefore would state:

**Relevant Background**

1.　　Judgment has been entered in favor of Plaintiff, KHI Liquidation Trust, and against Defendant, S & T Painting, Inc., in the amount of $48,574.04 plus interest, by the United States Bankruptcy Court Northern District of Illinois on September 14, 2011, which Judgment has been registered in this District. [D.E. 1].

2.　　On April 29, 2016, KHI Liquidation Trust assigned all of its right, title and interest in the Judgment to SMS. [D.E. 1-2].

Case No. 8:17-mc-00133-MSS-JSS

3. SMS has filed a Judgment Lien Certificate with the State of Florida Division of Corporations in accordance with Fla. Stat. §55.201, *et seq*. A true and correct copy of the Judgment Lien Certificate is attached hereto as **Exhibit "A"**.

4. The Judgment and the Judgment Lien Certificate remain valid, outstanding and unsatisfied.

5. SMS is entitled to these proceedings supplementary pursuant to §56.29, Florida Statutes, made applicable by Federal Rule of Civil Procedure 69. Attached hereto as **Exhibit "B"** is the Affidavit of Jonathan Harris, manager of SMS, in support of this Motion.

**Facts**

6. On or about April 21, 2010, KHI Liquidation Trust filed an adversary action against S & T Painting, Inc.

7. On or about October 1, 2010, just six months after the adversary was filed, S & T Painting Enterprises, Inc., was formed as a Florida corporation. *See* corporate records from Division of Corporations (www.sunbiz.org) attached hereto as **Exhibit "C"**.

8. On or about September 23, 2011, Defendant, S & T Painting, Inc., was administratively dissolved. *See* corporate records from Division of Corporations (www.sunbiz.org) attached hereto as **Exhibit "D"**.

9. Since the inception of the adversary action, Defendant has since been operating under the new corporate name (S & T Painting Enterprise, Inc.) as a continuation or alter ego of the Defendant.

10. Both the dissolved Judgment Defendant, S & T Painting, Inc., and the new company, S & T Painting Enterprises, Inc., are operated by the same family in the same geographical location.

Case No. 8:17-mc-00133-MSS-JSS

11. S & T Painting, Inc. and S & T Painting Enterprises, Inc. also engage in the same type of business and utilize the same telephone number.

12. All remaining assets of Judgment Defendant, S & T Painting, Inc., were transferred to the new company, S & T Painting Enterprises, Inc.

13. S & T Painting Enterprises, Inc. is thus a mere instrumentality, alter ego or continuation of the Judgment Defendant, S & T Painting, Inc.

14. The closing of S & T Painting, Inc. and opening of S & T Painting Enterprises, Inc. was a de facto merger.

15. The closing of S & T Painting, Inc. and opening of S & T Painting Enterprises, Inc. was a fraudulent effort to avoid the liabilities of the predecessor company, S & T Painting, Inc.

16. The actions of S & T Painting, Inc. and S & T Painting Enterprises, Inc. are fraudulent as to Judgment Defendant's creditors, including SMS, and were taken with the intent to hinder or delay SMS's ability to recover the amounts owed to it and to satisfy the Judgment.

17. SMS therefore seeks to implead S & T Painting Enterprises, Inc. as a supplemental defendant in execution and to have it added to the Judgment, so that its assets may be executed upon to satisfy the aforementioned Judgment.

18. Plaintiff, as a judgment creditor, is entitled to these proceedings pursuant to Fla. Stat. §56.29(1).

19. S & T Painting Enterprises, Inc. does not have any assets (other than de minimus assets) which could be levied upon to satisfy the Judgment.

20. SMS is obligated to pay its attorneys a reasonable fee for their services, which it is entitled to recover, along with its costs, from Judgment Defendant, S & T Painting Enterprises, Inc., in accordance with Florida Statutes §56.29(8).

Case No. 8:17-mc-00133-MSS-JSS

21. All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

## MEMORANDUM OF LAW

Pursuant to Florida Statute §56.29(1), "[w]hen any judgment creditor holds an unsatisfied judgment . . . the judgment creditor . . . may file a motion and an affidavit so stating . . . and thereupon the judgment creditor . . . is entitled to these proceedings supplementary to execution."

When the judgment creditor makes the requisite statutory showing pursuant to Florida Statute §56.29, the Court must implead third parties into the proceedings supplementary when relief against them is alleged by the judgment creditor. *Regent Bank v. Woodcox,* 636 So. 2d 885, 886 (Fla. 4th DCA 1994); *see also Richard v. McNair,* 164 So. 836, 840 (Fla. 1935)(courts "have the power and it is their duty to bring in and implead third parties wherever it appears relief against them may be warranted").

Thus, pursuant to Fla. Stat. §56.29, upon filing the instant motion and affidavit, the judgment creditor is entitled to proceedings supplementary as a matter of law. The statutory procedure provides that the court shall issue a "notice to appear" directing the third-parties identified in the motion to prepare and file an affidavit with the court, by a date certain (not less than seven business days from date of service of the notice to appear), in the manner set forth in Fla. Stat. §56.16, explaining why the property, debt, or other obligation described in the motion and affidavit should not be applied to satisfy the judgment. The third-parties must include in their affidavit all factual defenses. Additionally, the notice to appear must specifically identify the property, debt, and/or other obligation the judgment creditor seeks to have applied toward the judgment, shall allow the third-party to present defenses, and shall notify the third-party of its right

4

Case No. 8:17-mc-00133-MSS-JSS

to seek discovery and its right to trial by jury, pursuant to Fla. Stat. §56.18. *See* amended provisions of Florida Statue §56.29(2), which went into effect on July 1, 2016

An order impleading third parties does not decide substantive rights, but merely warns the third parties that the judgment creditor has his eye on property in their hands to satisfy his judgment so that they may be afforded the right to defend against the plaintiff's claims. *Sverdahl v. Farmers & Merchants Savings Bank,* 582 So. 2d 738, 740 (Fla 4th DCA 1991); *Varveris v. Alberto M. Carbonell, P.A.*, 773 So.2d 1275, 1276 (Fla. 3rd DCA 2000); *Machado v. Foreign Trade, Inc.*, 544 So.2d 1061, 1062 (Fla. 3rd DCA. 1989); *Neff v. Adler,* 416 So.2d 1240, 1242-43 (Fla. 4th D.C.A. 1982).

A court may enter any "orders, judgments or writs required to carry out the purpose of [proceedings supplementary], including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments as provided in ss. §56.16 – 56.19 . . . irrespective of whether such person has retained the property . . . ." Fla. Stat. §56.29(6). Thus, a court can enter a money judgment against a transferee for the value of the property, even if the transferee is no longer in possession. Fla. Stat. §56.19 (providing for "recovery" of the value of such parts of the property "that were delivered to the claimant").

Additionally, pursuant to Fla. Stat. §56.29(9), this court "may entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order of judgment, including a money judgment, against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property."

Proceedings supplementary pursuant to Florida Statute §56.29 "are equitable in nature and should be liberally construed." *Amjad Munim, M.D., P.A. v. Azar,* 648 So.2d 145, 150 (Fla. 4th DCA 1994). The concept of "mere continuation" or "alter ego" occurs where one business is

5

Case No. 8:17-mc-00133-MSS-JSS

nothing more than a "continuation or reincarnation" of another business "under a different name." *Id.* at 154. Essentially, "[t]he change is in form, but not in substance." *Id.* Moreover, "fraud will be presumed when the transfer occurs between two corporations controlled by the same individuals." *Id.* at 152.

In the instant action, SMS is requesting that this Court invoke proceedings supplementary to execution and implead a third party, S & T Painting Enterprises, Inc. Plaintiff has alleged in this motion that: S & T Painting Enterprises, Inc. is a mere instrumentality, alter ego or continuation of S & T Painting, Inc.; the closing of S & T Painting, Inc. and opening of S & T Painting Enterprises, Inc. was a de facto merger; the closing of S & T Painting, Inc. and opening of S & T Painting Enterprises, Inc. was a fraudulent effort to avoid the liabilities of the predecessor company, S & T Painting, Inc.; and the actions of S & T Painting, Inc. and S & T Painting Enterprises, Inc. are fraudulent as to Judgment Defendant's creditors, including SMS, and were taken with the intent to hinder or delay SMS's ability to recover the amounts owed to it and to satisfy the Judgment.

As such, proceedings supplementary are appropriate, and S & T Painting Enterprises, Inc. must be implead as a third party/supplemental defendant. SMS has made all of the required statutory allegations under oath and accordingly this Motion should be granted.

**WHEREFORE**, Judgment assignee, SMS Financial J, LLC, respectfully requests that this Honorable Court enter an order:

    a.    Granting this Motion;

    b.    Invoking Proceedings Supplementary to Execution;

    c.    Impleading S & T Painting Enterprises, Inc. as a party to this action;

6

Case No. 8:17-mc-00133-MSS-JSS

  d.  Issuing a *Notice to Appear* to the Third Party/Execution Defendant, S & T Painting Enterprises, Inc., pursuant to Florida Statute §56.29(2), directing it to file the appropriate affidavit as provided by Florida Statute §56.16 stating why its property, debt, or other obligations should not be applied to satisfy the Judgment;[1]

  e.  Awarding Plaintiff its reasonable attorneys' fees and costs against Defendant S & T Painting, Inc. pursuant to Fla. Stat. §56.29(8); and

  f.  Entering such further relief as the Court deems just and appropriate.

            **RICE PUGATCH ROBINSON STORFER & COHEN PLLC**
            *Attorneys for SMS Financial J, LLC*
            101 N.E. 3rd Avenue, Suite 1800
            Fort Lauderdale, Florida 33301
            Telephone: (954) 462-8000
            Facsimile: (954) 462-4300

            By: /s/ Richard B. Storfer
                Richard B. Storfer
                Florida Bar No. 984523
                rstorfer@rprslaw.com

---

[1] A proposed *Notice to Appear* pursuant to Florida Statute §56.29(2) is attached hereto as **Exhibit "E"**.

7

Case No. 8:17-mc-00133-MSS-JSS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 1st day of February, 2018, upon: S & T Painting, Inc. c/o Anthony T. Savarese, director as trustee, 4091 Diaz Court, Spring Hill, Florida 34607 and S & T Painting Enterprises, Inc. c/o Anthony Savarese, Jr., its registered agent, 4558 Lake in the Woods Drive, Spring Hill, FL 34067.

/s/ Richard B. Storfer
Richard B. Storfer

5631.028

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

S & T PAINTING, INC.
4091 DIAZ COURT
SPRING HILL, FL. 34607
FEI#:   -          DOS DOCUMENT#: S70270

### J18000031773
**FILED**
**Jan 25, 2018 03:07 P.M.**
**Secretary of State**
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

SMS FINANCIAL J, LLC
6829 N 12 STREET
PHOENIX, AZ 85014
DOS DOCUMENT#: N/A

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

RICHARD B. STORFER
RSTORFER@RPRSLAW.COM

AMOUNT DUE ON MONEY JUDGMENT: 48574.04
APPLICABLE INTEREST RATE: 5.35%
NAME OF COURT: FEDERAL COURT - MIDDLE DISTRIC
CASE NUMBER: 8:17-MC-000133
DATE OF ENTRY: 12/11/17
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
    ( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
    (X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: RICHARD B. STORFER



EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In re:<br><br>KIMBALL HILL, INC., *et al.*,<br><br>    Debtors.<br><br>―――――――――――――<br><br>KHI LIQUIDATION TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>S & T PAINTING, INC.,<br><br>    Defendant. | Case No. 8:17-mc-00936-MSS-JSS |

### AFFIDAVIT IN SUPPORT OF MOTION FOR PROCEEDING SUPPLEMENTARY TO EXECUTION AND TO IMPLEAD THIRD PARTY

STATE OF ARIZONA    )
                               )ss.:
COUNTY OF MARICOPA )

Jonathan Harris, being duly sworn, deposes and states:

1. I am a Manager of SMS Financial J, LLC ("SMS"), Judgment Assignee in the above-styled action, and am authorized to give this affidavit on behalf of SMS.

2. I make this affidavit based on my personal knowledge and my review of SMS's files and business records with respect to the defendants in this action.

3. The business records of SMS are complete and correct, have been kept under my supervision and control and were made at or near the time of the events recorded in the records by or from information transmitted by a person with knowledge. These records are kept in the ordinary course of a regularly conducted business activity and it is SMS's regular practice to keep such records.

**EXHIBIT B**

4. Judgment has been entered in favor of Plaintiff, KHI Liquidation Trust, and against Defendant, S & T Painting, Inc., in the amount of $48,574.04 plus interest, by the United States Bankruptcy Court Northern District of Illinois on September 14, 2011, which Judgment has been registered in this District. (the "Judgment").

5. On April 29, 2016, KHI Liquidation Trust assigned all of its right, title and interest in the Judgment to SMS.

5. SMS has filed a Judgment Lien Certificate with the State of Florida Division of Corporations in accordance with Fla. Stat. §55.201, *et seq*.

6. Defendant, S & T Painting, Inc., has failed to satisfy the Judgment.

7. The Judgment and the Judgment Lien Certificate remain valid, outstanding and unsatisfied.

8. As a judgment creditor holding an unsatisfied judgment, SMS is entitled to initiate proceedings supplementary to execution and to implead third party, S & T Painting Enterprises, Inc.

SMS FINANCIAL J, LLC

By: _____
Jonathan Harris

The foregoing instrument was sworn and acknowledged before me this 29th day of January 2018, by Jonathan Harris, manager of SMS Financial J, LLC. He is personally known to me or has produced _____ [type of identification] as identification and did take an oath.

**NANCY A. FREDRICKSON**
Notary Public - Arizona
Maricopa County
Expires 03/31/2021

Notary Public:
sign Nancy A. Fredrickson
print

5631.028

Case 8:18-cv-02516-CEH-AEP Document 2 Filed 02/01/18 Page 12 of 18 PageID 17
Case 8:17-mc-00133-MSS-JSS Document 1-2 Filed 12/11/17 Page 1 of 2 PageID 4
Case 10-00936 Doc 16 Filed 05/20/16 Entered 05/20/16 11:45:00 Desc Main
Document Page 1 of 2

IN THE UNITED STATED BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KIMBALL HILL, INC., | ) | Case No. 08-10095 |
| | ) | (Jointly Administered) |
| Debtor | ) | |
| | ) | Hon. Timothy A. Barnes |
| | ) | |
| KHI LIQUIDATION TRUST, | ) | |
| | ) | Adv. No. 10-00936 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| S & T PAINTING, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

## ASSIGNMENT OF JUDGMENT

KHI LIQUIDATION TRUST, Plaintiff and judgment creditor in the above-captioned adversary proceeding ("Assignor"), by and through its undersigned duly appointed attorney-in-fact with respect to the judgment entered in this cause, does hereby sell, transfer and assign all of its rights, title and interest in the following judgment entered in this cause to SMS FINANCIAL J, LLC., 6829 N. 12th St., Phoenix, AZ 85014 ("Assignee"):

DATE OF JUDGMENT: 9/14/2011

ISSUING COURT: United States Bankruptcy Court
Northern District of Illinois, Eastern Division

CASE NO. 08-10095

ADVERSARY NO.: 10-00936

AGAINST: *S & T PAINTING, INC.*

AMOUNT: PRINCIPAL: $48,574.04

EFFECTIVE DATE: April 29, 2016

ASSIGNMENT OF JUDGMENT        Page 1

Case 8:18-cv-02516-CEH-AEP   Document 2   Filed 02/01/18   Page 13 of 18 PageID 18
Case 8:17-mc-00133-MSS-JSS   Document 1-2   Filed 12/11/17   Page 2 of 2 PageID 5
Case 10-00936   Doc 16   Filed 05/20/16   Entered 05/20/16 11:45:00   Desc Main
Document   Page 2 of 2

Assignor hereby authorizes the Assignee to collect, compromise, settle and enforce said judgment in its name and withdraws all right and claim to such judgment.

DATE: 5-18-16

ASSIGNOR:   KHI LIQUIDATION TRUST
BY: SMS FINANCIAL J, LLC, APPOINTEE
BY: SMS MANAGEMENT, LLC., ITS MANAGER

BY: _____
NAME: JONATHAN HOFFER, MANAGER

STATE OF ARIZONA )
                 )ss.
COUNTY OF MARICOPA )

On the 18th day of May, in the year 2016 before me, the undersigned, personally appeared JONATHAN HOFFER, Manager of SMS Management, LLC., the Manager of SMS Financial J, LLC., the Attorney-in-Fact for KHI LIQUIDATION TRUST, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

My commission expires 03/31/2017.

NANCY A. FREDRICKSON
Notary Public - Arizona
Maricopa County
Expires 03/31/2017

Notary Public

This is to certify that the within and attached document is a full, true and correct copy of the original thereof as the same appears on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois.

JEFFREY P ALLSTEADT
CLERK OF COURT
By _____
Deputy Clerk
Dated 11/8/17

**ASSIGNMENT OF JUDGMENT**     Page 2



Department of State / Division of Corporations / Search Records / Detail By Document Number /

# Detail by Entity Name

Florida Profit Corporation
S & T PAINTING ENTERPRISE INC

**Filing Information**

| | |
|---|---|
| **Document Number** | P10000080555 |
| **FEI/EIN Number** | 27-3605832 |
| **Date Filed** | 10/01/2010 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

4558 LAKE IN THE WOODS DR
SPRING HILL, FL 34607

**Mailing Address**

4558 LAKE IN THE WOODS DR
SPRING HILL, FL 34607

**Registered Agent Name & Address**

SAVARESE, ANTHONY JR
4558 LAKE IN THE WOODS DR
SPRING HILL, FL 34607

**Officer/Director Detail**
**Name & Address**

Title P

SAVARESE, ANTHONY JR
4558 LAKE IN THE WOODS DR
SPRING HILL, FL 34607

Title VP

SAVARESE, SANITA
4558 LAKE IN THE WOODS DR
SPRING HILL, FL 34607

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2015 | 04/14/2015 |
| 2016 | 02/11/2016 |

EXHIBIT C

2017            04/05/2017

**Document Images**

| | |
|---|---|
| 04/05/2017 -- ANNUAL REPORT | View image in PDF format |
| 02/11/2016 -- ANNUAL REPORT | View image in PDF format |
| 04/14/2015 -- ANNUAL REPORT | View image in PDF format |
| 04/09/2014 -- ANNUAL REPORT | View image in PDF format |
| 03/11/2013 -- ANNUAL REPORT | View image in PDF format |
| 04/23/2012 -- ANNUAL REPORT | View image in PDF format |
| 03/18/2011 -- ANNUAL REPORT | View image in PDF format |
| 10/01/2010 -- Domestic Profit | View image in PDF format |

Florida Department of State, Division of Corporations



Department of State / Division of Corporations / Search Records / Detail By Document Number /

# Detail by Entity Name

Florida Profit Corporation
S & T PAINTING, INC.

### Filing Information

| | |
|---|---|
| **Document Number** | S70270 |
| **FEI/EIN Number** | 59-3077570 |
| **Date Filed** | 07/29/1991 |
| **Effective Date** | 07/24/1991 |
| **State** | FL |
| **Status** | INACTIVE |
| **Last Event** | ADMIN DISSOLUTION FOR ANNUAL REPORT |
| **Event Date Filed** | 09/23/2011 |
| **Event Effective Date** | NONE |

### Principal Address

4091 DIAZ COURT
SPRING HILL, FL 34607

Changed: 07/25/1997

### Mailing Address

4091 DIAZ COURT
SPRING HILL, FL 34607

Changed: 07/25/1997

### Registered Agent Name & Address

SAVARESE, ANTHONY T
4091 DIAZ COURT
SPRING HILL, FL 34607

Name Changed: 04/07/2000

Address Changed: 01/20/1998

### Officer/Director Detail

**Name & Address**

Title P

SAVARESE SR, ANTHONY

EXHIBIT D

4091 DIAZ COURT
SPRING HILL, FL

Title S

SAVARESE, LISA
4091 DIAZ COURT
SPRING HILL, FL

Title VP

SAVARESE JR, ANTHONY
4091 DIAZ COURT
SPRING HILL, FL

Title T

SAVARESE, JONATHON
4091 DIAZ COURT
SPRING HILL, FL 34607

### Annual Reports

| Report Year | Filed Date |
|---|---|
| 2008 | 01/04/2008 |
| 2009 | 03/24/2009 |
| 2010 | 01/16/2010 |

### Document Images

| | |
|---|---|
| 01/16/2010 -- ANNUAL REPORT | View image in PDF format |
| 03/24/2009 -- ANNUAL REPORT | View image in PDF format |
| 01/04/2008 -- ANNUAL REPORT | View image in PDF format |
| 01/09/2007 -- ANNUAL REPORT | View image in PDF format |
| 03/11/2006 -- ANNUAL REPORT | View image in PDF format |
| 01/11/2005 -- ANNUAL REPORT | View image in PDF format |
| 01/20/2004 -- ANNUAL REPORT | View image in PDF format |
| 02/12/2003 -- ANNUAL REPORT | View image in PDF format |
| 01/14/2002 -- ANNUAL REPORT | View image in PDF format |
| 01/17/2001 -- ANNUAL REPORT | View image in PDF format |
| 04/07/2000 -- ANNUAL REPORT | View image in PDF format |
| 01/25/1999 -- ANNUAL REPORT | View image in PDF format |
| 01/20/1998 -- ANNUAL REPORT | View image in PDF format |
| 07/25/1997 -- ANNUAL REPORT | View image in PDF format |
| 04/16/1996 -- ANNUAL REPORT | View image in PDF format |
| 04/20/1995 -- ANNUAL REPORT | View image in PDF format |

Florida Department of State, Division of Corporations

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:

KIMBALL HILL, INC.                    ) Chapter 11
                                      )
           Debtor                     ) Case No. 08-10095
                                      ) (Jointly administered)
                                      ) Hon. Susan Pierson Sonderby
                                      )
KHI LIQUIDATION TRUST,                )
           Plaintiff                  )
                                      ) Adv. No. 10-0936
v.                                    )
                                      )    8:17 mc 133 T 35 JSS
S&T PAINTING                          )
                                      )
           Defendant                  )

## CERTIFICATION OF JUDGMENT FOR
## REGISTRATION IN ANOTHER DISTRICT

I, Clerk of the United States Bankruptcy Court, do certify that the attached judgment is a true and correct copy of the original judgment entered in this proceeding on    SEPTEMBER 14, 2011   as it appears in the records of this court, and that:                                              (date)

[X] No notice of appeal from this judgment has been filed, and no motion of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, has been filed.

[ ] No notice of appeal from this judgment has been filed, and any motions of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, have been disposed of, the latest order disposing of such a motion having been entered on _____
                                (date)

[ ] An appeal was taken from this judgment, and the judgment was affirmed by mandate of the _____ issued on _____
      (name of court)                              (date)

[ ] An appeal was taken from this judgment, and the appeal was dismissed by order entered on _____
      (date)

JEFFREY P. ALLSTEADT

Clerk of the Bankruptcy Court

NOV - 8 2017

By: N. Molina

Date                                   Deputy Clerk

TPA -47593
$46.00